UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD)

This Document also relates to:

Steven L. Sparks, et al., v. Bayer Corporation et al.,

Case No. 01-2405

---

William B. Federman and Stuart W. Emmons, Federman & Sherwood, Don S. Strong and G. Stephen Martin, II, Strong, Martin & Associates, P.L.L.C. and A. Daniel Woska, T. David Hasbrook and John E. Barbush, Woska & Hasbrook, P.L.L.C , for and on behalf of Plaintiff.

Peter Sipkins, Dorsey & Whitney, Philip S. Beck, Ada L. Hoeflich and Tarek Ismail, Barlit Beck Herman Palenchar & Scott, Susan A. Weber, Steven J. Ellison and Claudia M. Laurens, Sidley Austin Brown & Wood, Richard K. Dandrea, Eckert Seamans Cherin & Mellott, LLC and Larry D. Ottaway and Amy Sherry Fischer, Foliart, Huff, Ottaway & Bottom, for and on behalf of Bayer Corporation.

Scott A. Smith and Tracy J. Van Steenburgh, Halleland Lewis Nilan Sipkins & Johnson, P.A., Fred T. Magaziner, Norbert F. Bergholtz and Kathryn L. Connelly, Dechert Price & Rhoads and Robert H. Alexander, Jr., Law Office of Robert H. Alexander, Jr., P.C, for and on behalf of SmithKline Beecham d/b/a GlaxoSmithKline.

---

This matter is before the Court upon Plaintiffs' motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). Bayer Corporation ("Bayer") and SmithKlineBeecham Corporation, d/b/a GlaxoSmithKline ("GSK") oppose the motion.

Background

Plaintiff Steven L. Sparks is the personal representative of the estate of Lilbert O. Sparks, Jr. He filed this Complaint in the United States District Court, Western District of Oklahoma as a putative class action on October 10, 2001. Jurisdiction in the federal



FILED JUL 31 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

court is alleged to be based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The case has since been transferred to this Court by order of the Judicial Panel on Multidistrict Litigation.

Plaintiff now asks the Court to dismiss this case without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. This request is based on the fact that subsequent to commencing this litigation, Plaintiff's investigation into his father's death revealed probable negligence on the part of multiple healthcare providers, and that such healthcare providers will be named as defendants. However, because these healthcare providers are citizens of Oklahoma, and Plaintiff is a citizen of Oklahoma, the court will no longer have diversity jurisdiction.

Plaintiff asserts that he cannot move to amend his complaint to add the healthcare providers, as to do so would strip this Court of subject matter jurisdiction. Plaintiff also does not wish to commence a separate action in state court against the healthcare providers, because to do so would result in the inefficient duplication of judicial resources, and may result in inconsistent or multiple recoveries. Plaintiff asserts that he is left with only one option; to dismiss this action without prejudice, and refile in state court against all defendants including the healthcare providers.

Standard

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that once an answer or motion for summary judgment has been filed, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The decision to allow a party to voluntarily dismiss an action

rests within the sound discretion of the court. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 950 (8th Cir. 1999). The factors the court should consider in exercising this discretion are: 1) whether the party has presented a proper explanation for its desire to dismiss; 2) whether a dismissal would result in a waste of judicial time and effort; and 3) whether a dismissal will prejudice the defendant. Id. at 950 (citations omitted). In addition, plaintiffs are not allowed to seek dismissal to escape an adverse judgment or a more favorable forum. Id.

"Courts generally grant voluntary dismissals 'unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical advantage.'" Piedmont Resolution, L.L.C. v. Johnston, Rivlin & Foley, 178 F.R.D. 328, 331 (D.D.C. 1998)(citation omitted). In other words, defendants must suffer legal prejudice, which has been defined as "prejudice to some legal interest, some legal claim, [or] some legal argument". Id. (citing Westlands Water District v. United States, 100 F.3d 94, 96 (9th Cir. 1996)).

In this case, Bayer argues that with regard to the first factor, Plaintiff has not provided a sufficient explanation for his desire to dismiss, asserting that he may bring claims against unidentified healthcare providers. In his reply, Plaintiff asserts that after filing the initial complaint, he sought additional medical records for his father. After obtaining such records, Plaintiff sent such records to a consulting physician for review. The reviewing physician determined that Plaintiff's father's healthcare providers may have contributed to his death. For example, he alleges that his father's physician prescribed an excessive starting dose of Baycol and failed to recognize symptoms of dark

urine, weakness, inability to stand and back pains as signs of rhabdomyolysis. In addition, Plaintiff asserts that evidence shows that the medical clinic failed to forward pertinent lab results to the rehabilitation hospital, and that the hospital failed to follow up on the missing lab reports. Based on these possible claims, and the fact that such claims are intertwined with the claims against the drug manufacturers, Plaintiff wishes to dismiss this case and allow one claim naming all defendants to proceed in state court. The Court finds that Plaintiff has sufficiently explained his desire for dismissal of this case. See In re Bridgestone/Firestone, Inc., ATX, ATX II, and Wilderness Tires Products Liability Litigation, 199 F.R.D. 304 (S.D. Ind. 2001)(fact that state court is only forum in which all defendants can be sued is a sufficient explanation for purposes of determining 41(a)(2) dismissal).

The second factor concerns whether dismissal will result in a waste of judicial time and effort. To date, no dispositive motions have been brought in this particular case and discovery is underway and it would appear that any discovery thus far conducted in this case can be utilized in a state court action. Thus, dismissal of this case would not result in a waste of judicial time.

The next factor requires the Court to determine if Bayer is prejudiced by the motion to dismiss. In its opposition to Plaintiff's motion, however, Bayer did not argue that would be prejudiced by dismissal. Instead, Bayer argues that Plaintiff is merely forum shopping, which is an inappropriate basis from which to seek dismissal under Rule 41(a)(2), and that joinder of the non-diverse healthcare providers will not divest this Court of diversity jurisdiction. The Court disagrees.

First, Plaintiff has identified a viable claim against the healthcare providers, and there is no dispute that such claims can only be brought in state court. Understandably, Plaintiff desires to proceed against all defendants in one forum, which can only be the state court. Thus, the Court finds that Plaintiff is not simply forum shopping. Even if Plaintiff were blatantly forum shopping, a majority of the courts have found "that the fact that a voluntary dismissal will destroy federal jurisdiction is insufficient to constitute prejudice to the defendant." Johnson v. Pharmacia & Upjohn Company, 192 F.R.D. 226 (W.D. Mich. 1999)(listing cases).

Second, adding the non-diverse healthcare providers will divest this Court of diversity jurisdiction. The case upon which Bayer relies, Freeport-McMoran, Inc. v K N Energy, Inc., 498 U.S. 426 (1991), has no application in this case. In Freeport, one of the plaintiffs had transferred its interests in the contract at issue to another entity, whose citizenship was the same as the defendant. The district court had allowed the plaintiffs to add the new entity, but refused to dismiss the original plaintiff. After a bench trial, the district court ruled in favor of the plaintiffs. On appeal, the circuit court reversed and directed that the suit be dismissed for lack of subject matter jurisdiction. The Supreme Court reversed the opinion of the circuit court, based on its finding that "[d]iverstiy jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action." Id. at 428.

Freeport should not, however, be interpreted as broadly as suggested by Bayer. As one court noted, such a reading would "vastly change the law in diversity cases where a new party is added who would have otherwise destroyed diversity jurisdiction." Bishop

v. Moore, 2000 WL 246583 *3 (D. Kan. 2000)(citation omitted). A broad interpretation of Freeport would also render 28 U.S.C. § 1447(e) meaningless.[1] Id. Thus, Freeport must be limited to the issue of substitution of parties pursuant to Rule 25. See also, Ingram v. CSX Transportation, Inc., 146 F.3d 858, 861-862 (11th Cir. 1998). Because the issue here is the addition of a non-diverse defendant involving new and different claims, and not the substitution of parties, Freeport has no bearing on Plaintiff's motion to dismiss.

Because all the relevant factors weigh in favor of dismissal, the Court will grant Plaintiff's motion.

IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss Pursuant to Fed.R.Civ.P. 41(a)(2) is GRANTED and this matter is dismissed without prejudice, conditioned upon Plaintiff's stipulation that discovery obtained in this case be allowed as discovery in the state court case and that Plaintiff pay Bayer Corporation's attorney's fees and costs for work that cannot be used in state court to be determined by the Court.

Date: 7-31-02

Michael J. Davis
United States District Court

[1]28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court."